**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4978**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MARIO FITZGERALD PETTIFORD,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. William L. Osteen, Jr.,
District Judge. (1:08-cr-00005-WO-1)

Submitted: June 29, 2009          Decided: July 24, 2009

Before TRAXLER, Chief Judge, and NIEMEYER and DUNCAN, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant.
Anna Mills Wagoner, United States Attorney, Anand P. Ramaswamy,
Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Fitzgerald Pettiford appeals his conviction, following a jury trial, of possession with intent to distribute 9 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006) (Count One), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006) (Count Two), possession of body armor by a violent felon, in violation of 18 U.S.C. § 931 (2006) (Count Three), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (2006) (Count Four), and his 420-month imprisonment sentence.[1] On appeal, he challenges the district court's denial of his motion to suppress, and its denial of his Fed. R. Crim. P. 29 motion for judgment of acquittal as to Counts One and Two. We affirm.

Pettiford was arrested when law enforcement officers received a report from a woman identified as "K.S." that, while visiting Pettiford at his home, Pettiford produced a small handgun, prevented her from leaving the house, raped her, then

---

[1] Pettiford was sentenced at the low end of the advisory Guideline range to 360 months' imprisonment, followed by eight years of supervised release on Count One, 60 months' imprisonment to run consecutive to Count One on Count Two, 36 months' imprisonment to run concurrent to Count One on Count Three, and 360 months' imprisonment to run concurrent to Count One on Count Four of the indictment, for a total term of imprisonment of 420 months.

robbed her of six one-hundred dollar bills. K.S.'s husband was a long-time friend of Pettiford, and was in jail at the time of the incident. Police videotaped their interview of K.S. and, using the information she provided, obtained a search warrant of Pettiford's house, seeking evidence of the rape, robbery, and kidnapping. Pettiford was at home when the warrant was executed, in a bedroom. In the top drawer of a dresser in the bedroom in which Pettiford was located, police found a bag of crack cocaine with a net weight of 9 grams, and $298.17 in currency. In another dresser in the same bedroom, police found a fully loaded .38 caliber Taurus revolver (manufactured in Brazil), and a wallet containing $1000 in currency. Officers also found a blue duffel bag containing a full-face ski mask, black gloves, black hooded sweatshirt, black long-sleeved T-shirt, black nylon cap, and ballistic vest body armor. Following waiver of his Miranda[2] rights, police interviewed Pettiford, who claimed he had consensual sex with K.S., admitted possession of the firearm, possession of the crack, possession of the body armor, and acknowledged he sold drugs. Pettiford

---

[2] See Miranda v. Arizona, 384 U.S. 436 (1966).

was federally indicted as set forth above. The jury convicted Pettiford on all counts.[3]

Pettiford first challenges the district court's denial of his motion to suppress, specifically claiming the district court erred in denying his motion for a full scale evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), advanced on the basis that the search warrant was based on false information provided by the alleged rape victim. We review legal conclusions underlying the denial of a motion to suppress de novo, and factual findings for clear error. United States v. Moreland, 437 F.3d 424, 429 (4th Cir. 2006). In reviewing the legality of the issuance of a search warrant, the relevant inquiry is whether, under the totality of the circumstances, the issuing judge had a substantial basis for concluding that there was probable cause to issue the warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983). We give great deference to the district court's determination of probable cause. Id. at 236.

There is a heavy burden on a defendant in establishing the need for a Franks hearing. United States v. Jeffus, 22 F.3d

---

[3] At trial, there was no mention to the jury of the allegations of K.S. as to the rape, robbery, or kidnapping, and testimony included only that Pettiford's home was searched with a lawfully obtained search warrant. The 68-minute video recording of Pettiford's interview with authorities was redacted to remove any mention of the rape, kidnapping, and robbery.

554, 558 (4th Cir. 1994). A defendant must "make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990) (quoting Franks, 438 U.S. at 155-56). The "showing 'must be more than conclusory' and must be accompanied by a detailed offer of proof." Id. (quoting Franks, 438 U.S. at 171). Allegations should be accompanied by a statement of supporting reasons, and affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Franks, 438 U.S. at 171.

In this case, Pettiford's motion to suppress contained merely the same arguments of unreliability he asserts on appeal.[4] No affidavits or sworn or otherwise reliable statements of witnesses accompanied the motion and the absence of any offer of proof was not explained, as is required under Franks. Without such preliminary showing of falsity, Pettiford failed to meet his burden to mandate a Franks hearing. Hence, the district

---

[4] He claims the information on which the warrant was based was unreliable because: (1) K.S. waited five days before reporting the alleged rape to the police; (2) her husband and Pettiford had served time together in prison and knew each other; and (3) she was unworthy of belief because she did not want her husband to know she had consensual sex with Pettiford.

5

court did not err in denying Pettiford his request for a <u>Franks</u> hearing, nor did it err in denying his motion to suppress the evidence obtained from the search warrant.

Nor do we find merit to Pettiford's challenge to the district court's denial of his Rule 29 motion for judgment of acquittal relative to Counts One and Two of the indictment. We review <u>de</u> <u>novo</u> a district court's denial of a motion for a judgment of acquittal. <u>United States v. Alerre</u>, 430 F.3d 681, 693 (4th Cir. 2005). In conducting such a review, we are obliged to sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence. <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (citing <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942)). We have "defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" <u>Alerre</u>, 430 F.3d at 693 (quoting <u>Burgos</u>, 94 F.3d at 862). We "consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established," <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982), and we assume that the jury resolved all contradictions in the testimony in favor of the Government. <u>United States v. Brooks</u>, 524 F.3d 549,

6

563 (4th Cir.), cert. denied, 129 S. Ct. 519 (2008).  We "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear."  United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks and citation omitted).

To establish guilt on Count One, possession with intent to distribute a controlled substance, the Government must have proven, beyond a reasonable doubt, that Pettiford:  (1) knowingly; (2) possessed a controlled substance; (3) with the intent to distribute it.  United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996).  The discovery of the crack cocaine and money by police, together with Pettiford's statements, in response to police questioning as to whether he sold drugs, that he "hustle[d] a little bit" and that he obtained body armor by trading drugs for the item, plus the failure to discover any evidence of personal use of crack cocaine in Pettiford's house, was circumstantial evidence which amply supported the jury's determination that Pettiford possessed the crack cocaine with the intent to distribute it.

To establish guilt on Count Two, the Government was required to prove that "possession of a firearm furthered, advanced, or helped forward a drug trafficking crime."  United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002).  Factors upon which a fact-finder may conclude that a firearm was used in

7

furtherance of a drug trafficking activity include the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, whether the weapon is legitimately or illegally possessed, whether the gun is loaded, proximity of the firearm to drugs or drug profits, and the time and circumstances under which the gun is found. Id.

In this case, we find that the evidence of Pettiford's illegal possession of a loaded handgun, in a holster for wear on the person, found in a drawer with his wallet in the same room as Pettiford, crack cocaine, and a large amount of cash, together with his admission of drug-selling, is sufficient, when viewed in the light most favorable to the Government,[5] to support the jury's conclusion that Pettiford possessed the firearm in furtherance of a drug trafficking crime. Thus, the district court did not err in denying Pettiford's Rule 29 motion relative to Counts One and Two of the indictment.

Accordingly, we affirm Pettiford's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

---

[5] See Burgos, 94 F.3d at 862.

before the court and argument would not aid the decisional process.

AFFIRMED